OPINION OF THE COURT
Victor I. Barron, J.
Plaintiff moves for an order of attachment and/or a preliminary injunction and temporary restraining order against the defendant, forbidding, enjoining and restraining the defendant or his agents, attorneys and employees from disbursing the *308 proceeds of sale of real property located within the Hawk Mountain development.
Defendant has not appeared on this motion.
Defendant is owner of five lots in the Hawk Mountain development. As a property owner in this development, defendant was allegedly obligated to make payment to the plaintiff of his proportional share of the expenses for road repair and snow removal in the Hawk Mountain community. This obligation, purportedly, runs with the land and is specifically included in the deeds. The defendant did not pay the maintenance fees in 1987 and 1988 for his five lots. The underlying action is based upon the defendant’s failure to pay a total of $2,500 representing the unpaid maintenance fees for 1987 and 1988.
Pursuant to the affidavit of James lulo, an officer of the plaintiff homeowner association, defendant intends to sell his property at Hawk Mountain, shortly. Plaintiff contends that the sale of defendant’s lots and subsequent disbursal of the proceeds could frustrate the purpose of this action, rendering judgment ineffectual.
The issue presented is whether the New York City Civil Court may attach or otherwise restrain or enjoin the defendant from disbursing the proceeds of the sale.
New York City Civil Court is established with such power and jurisdiction as is conferred on it either by the New York City Civil Court Act or by the Legislature in other enactments. (NY Const, art VI, §§ 1, 15; CCA 102.) While it is a court of record, not all statutory provisions concerning specific rights are applicable to the Civil Court even while acting within its monetary jurisdiction.
The court’s equity jurisdiction is generally limited by statute to the real property actions, as delineated in CCA 203 (a) et seq., amongst which are actions for specific performance, actions to reform or rescind a deed, mortgage or contract of sale, where the value of the property does not exceed $25,000. Further, the court may issue injunctions, restraining notices or other orders for the enforcement of housing standards. (See, CCA 203 [o].)
The court’s equity jurisdiction also extends to actions to rescind or reform contracts not involving more than $25,000. (CCA 208 [c]; 213.)
In 1972 and 1977 (L 1972, ch 982, amended L 1977, ch 849), the court’s equity jurisdiction was expanded to aid in the *309 enforcement of State and local laws for the establishment and maintenance of housing standards, including, but not limited to, the Multiple Dwelling Law and the Housing Maintenance Code, Building Code and Health Code of the Administrative Code of the City of New York. (See, CCA 110.)
The provisional remedies permissible in Civil Court may be found primarily in CCA 209 which reads, in pertinent part:
"(a) Attachment, arrest, seizure of chattel. An order of attachment or of arrest, a warrant to seize a chattel as provided in § 207 of the lien law, and an order of seizure of a chattel may issue out of this court if such remedy might issue out of supreme court in a like case.
"(b) Injunction or restraining order. No injunction or restraining order or notice shall issue out of or by this court unless:
"(1) pursuant to §§ 7102 (d), 7103 (c) and 7109 of the CPLR, in conjunction with the recovery of a chattel; or * * *
"(3) pursuant to § 1508 of this act, in conjunction with an enforcement proceeding”.
The three statutes of the CPLR in CCA 209 (b) (1) refer to orders of seizure of a chattel, returning chattel, or specific injunctive relief where a unique chattel is concerned.
CCA 1508, referred to in CCA 209 (b) (3), deals with enforcement of money judgments.
Clearly, prejudgment attachment and/or injunctive relief is not permissible based upon the narrowly defined parameters delineated in the New York City Civil Court Act.
Accordingly, plaintiffs motion is denied.